UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Montgomery Ward, LLC, et al.,<br><br>Debtor,<br><br>Montgomery Ward, LLC, et al., Debtor in Possession,<br><br>Plaintiff,<br><br>vs.<br><br>Otc International, Ltd.,<br><br>Defendant. | Bk. No. 00-4667(RTL)<br><br>Chapter 11<br><br>Adv No. 02-9282 |

**COMPLAINT TO AVOID AND RECOVER
TRANSFERS OF PROPERTY [11 U.S.C. §§547-550]**

Plaintiff, Montgomery Ward, LLC, et al., Debtor in Possession (hereinafter referred to as "Plaintiff" or "Ward"), alleges as follows:

**JURISDICTIONAL ALLEGATIONS**

1. This adversary proceeding arises out of and is related to the above-captioned case pending before this United States Bankruptcy Court; therefore, this court has jurisdiction pursuant to 28 U.S.C. §§157 and 1334. The causes of action set forth herein concern the determination, allowance and amount of claims pursuant to 11 U.S.C. §§547, 549 and 550, and, as such, constitute a "core" proceeding under 28 U.S.C. §157(b)(2).

2. Venue is based on 28 U.S.C. §§1408 and 1409.

3. This bankruptcy case was commenced by the filing on December 28, 2000 of a petition under Chapter 11 of title 11 of the United States Code ("Petition Date"). Montgomery Ward, LLC, et al. is the Debtor in Possession and is authorized to commence suit on behalf of the estate.

4. Plaintiff is informed and believes, and on that basis alleges, that Otc International, Ltd. ("Defendant") is a corporation organized under the laws of the state of New York.

**FIRST CLAIM FOR RELIEF
(TO AVOID PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §547)**

5. On or within 90 days before the Petition Date that is, between September 29, 2000 and

December 28, 2000 (the "Preference Period"), Montgomery Ward, LLC, et al. ("Debtor") made one or more transfers by check, wire transfer, or its equivalent, of an interest of the Debtor in property in an aggregate amount not less than $2,395,936.60 (hereinafter collectively referred to as the "Transfers") directly to or for the benefit of the Defendant herein. Attached hereto as Exhibit "A" and incorporated herein by this reference is a list of the check transfers presently included in the Transfers total.

6. Defendant was a creditor of the Debtor at the time of the Transfers within the meaning of 11 U.S.C. §101(10)(A). At the time of the Transfers Defendant had a right to payment on account of an obligation owed to Defendant by the Debtor.

7. The Transfers were to or for the benefit of a creditor within the meaning of 11 U.S.C. §547(b)(1) because the Transfers either reduced or fully satisfied a debt then owed by the Debtor to Defendant.

8. The Transfers were made on account of an antecedent debt because the Transfers were on account of a debt obligation for which the Debtor was legally bound to pay before the Transfers were made.

9. The Debtor was insolvent throughout the Preference Period within the meaning of the Bankruptcy Code, in that the sum of its debts was greater than the fair value of its assets, 11 U.S.C. §101(32)(A), 11 U.S.C. §547(b)(3).

10. By reason of the Transfers, Defendant received more on account of its debt than if Debtor's case were under Chapter 7 of the Bankruptcy Code, the Transfers had not been made, and Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

### SECOND CLAIM FOR RELIEF
### (TO RECOVER AVOIDED TRANSFERS AGAINST DEFENDANT
### FOR THE BENEFIT OF THE ESTATE UNDER 11 U.S.C. §550)

11. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 10 inclusive, as if fully set forth herein.

12. The Transfers, to the extent that they are avoided pursuant to 11 U.S.C. §547, may be recovered by Plaintiff pursuant to 11 U.S.C. §550(a)(1).

### RELIEF REQUESTED

WHEREFORE, Plaintiff prays that this Court enter judgment as follows:

1. The Transfers be avoided and set aside;

2. Plaintiff shall recover from Defendant the Transfers, together with prejudgment interest thereon at the legal rate allowed under 28 U.S.C. §1961 from the date of each transfer.

3. An award of costs incurred in this suit;

4. Such other and further relief as this Court may deem necessary and proper.

Dated: September 24, 2002

By   /s/ *Derek C. Abbott*

Local Counsel

Donna L. Culver (#2983)
Derek C. Abbott (#3376)
MORRIS, NICHOLS, ARSHT & TUNNEL
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
**Telephone:** (302) 658-9200   **Fax:** (302) 658-3989

and

Primary Counsel
(Please Contact Primary Counsel)

Joseph L. Steinfeld, Jr., DC SBN 297101,
MN SBN 0266292, VA SBN 18666
Karen M. Scheibe, MN SBN 0300469, ND SBN 05683
A·S·K FINANCIAL
4040 Nicols Road
Eagan, MN 55122
**Telephone:** (651) 406-9665 ext. 204   **Fax:** (651) 406-9676

Attorneys For Plaintiff, Montgomery Ward, LLC, et al.,
Debtor in Possession

**A·S·K**
**FINANCIAL**

*Insolvency Financial & Collection Legal Services*

18653 Ventura Blvd., # 361  4040 Nicols Road  Los Angeles
Tarzana, CA 91356  Eagan, MN 55122  Minneapolis
PHONE: 818 609-9268  PHONE: 651 406-9665  New York
FAX: 818 609-9686  FAX: 651 406-9676

## CHECK REGISTER
### TRANSFERS DURING PREFERENCE PERIOD

Defendant: **Otc International, Ltd.**
Bankruptcy Case: Montgomery Ward, LLC, et al. / 00-4667(RTL)
Preference Period: September 29, 2000 - December 28, 2000
Adversary Number: 02-9282

| Check No. | Check Date | Clear Date | Check Amount |
|---|---|---|---|
| 448840 | November 8, 2000 | November 11, 2000 | $12,358.77 |
| 536484 | September 25, 2000 | October 2, 2000 | $117,695.70 |
| 537243 | October 2, 2000 | October 11, 2000 | $40,336.44 |
| 538066 | October 9, 2000 | October 24, 2000 | $102,914.84 |
| 538481 | October 16, 2000 | October 24, 2000 | $46,779.99 |
| 539321 | October 23, 2000 | October 30, 2000 | $67,043.93 |
| 539869 | October 30, 2000 | November 8, 2000 | $207,114.36 |
| 541031 | November 13, 2000 | November 20, 2000 | $865,371.67 |
| 541619 | November 20, 2000 | November 28, 2000 | $411,326.66 |
| 542508 | November 27, 2000 | December 6, 2000 | $127,314.49 |
| 543080 | December 4, 2000 | December 13, 2000 | $90,495.11 |
| 543495 | December 11, 2000 | December 21, 2000 | $257,332.74 |
| 544526 | December 18, 2000 | December 26, 2000 | $49,851.90 |

Total Check(s): 13  **Total Amount:**  $2,395,936.60

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| In re | Case No.: 00-4667(RTL) |
|---|---|
| Montgomery Ward, LLC, et al. | |
| Debtor | |
| Montgomery Ward, LLC, et al., Debtor in Possession Plaintiff | Chapter: 11 |
| vs. | Adv Proc. No. 02-9282 |
| Otc International, Ltd. Defendant | |

**SUMMONS AND NOTICE OF STATUS CONFERENCE
IN AN ADVERSARY PROCEEDING**

YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

Address of Clerk:
824 Market Street, 5th Floor
Wilmington, DE 19801

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

| Name and Address of Plaintiff's Attorney: **Primary Counsel:** Joseph L. Steinfeld, Jr., DC SBN 297101, MN SBN 0266292, VA SBN 18666 Karen M. Scheibe, MN SBN 0300469, ND SBN 05683 A·S·K FINANCIAL 4040 Nicols Road Eagan, MN 55122 **Telephone:** (651) 406-9665 ext. 204  **Fax:** (651) 406-9676 | Name and Address of Plaintiff's Attorney: **Local Counsel:** Donna C. Culver, DE SBN 3983 Derek C. Abbott, DE SBN 3376 1201 North Market Street P.O. Box 1347 Wilmington, DE 19899-1347 **Telephone:** (302) 658-9200  **Fax:** (302) 658-3989 |
|---|---|

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

YOU ARE NOTIFIED that a pretrial conference of the proceeding commenced by the filing of the complaint will be held at the following time and place.

| Address: 824 Market Street Wilmington, DE 19801 | Room: |
|---|---|
| | Date and Time: To Be Determined |

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

/s/ David D. Bird
*Clerk of the Bankruptcy Court*

**United States Bankruptcy
Court for the District of
Delaware**

Date: September 25, 2002