

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Montgomery Ward, LLC, *et al.*,<br>Debtor, | Bk. No. 00-4667(KG)<br><br>Chapter 11<br><br>Adv. No.02-9282-RTL |
| Montgomery Ward, LLC, *et al.*, Debtor in Possession,<br>Plaintiff,<br>vs.<br>OTC International, LTD.,<br>Defendant. | |

### ORDER GRANTING PLAINTIFF'S MOTION TO AMEND AND/OR CORRECT ERRONEOUS STATEMENTS OF FACT CONTAINED IN THE OPINION DATED SEPTEMBER 12, 2006

Upon consideration of Plaintiff's Motion to Amend and/or Correct Erroneous Statements of Fact Contained In the Opinion Dated September 12, 2006 (the "Motion"), Defendant's limited objection thereto, and Plaintiff's response, it is this 26th day of October, 2006, by the United States Bankruptcy Court for the District of Delaware,

**ORDERED**, that the Motion be and hereby is GRANTED; and it is

**FURTHER ORDERED**, that the Court will issue an errata to the Opinion amending and correcting the erroneous statements of fact by:

(1) Deleting the following from pages 24 through 25 and footnote 6 of the Opinion:

"Plaintiff analyzes the pertinent data by comparing the invoice dates to check clearance dates[6] in the respective periods and claims that the difference in the payment cycle between the historical and preference periods sufficient to find extraordinary change. The Defendant uses the interval between the due date and the receipt of check; a method illustrating no significant change between the periods.

[6] For purposes of the ordinary course defense the check clearing date is not the proper reference point - it is the check delivery date. *Rocin Liquidation Estate v. Pan-American Life Insurance Company (In re Rocor International, Inc.)*, 339 B.R. 508, 515 (Bankr. W.D.Ok. 2006), *Official Committee of Unsecured Crditors (sic) v. CRST, Inc. (In re CCG 1355, Inc.)*, 276 B.R. 277, 380, n.2 (Bankr. D.N.J. 2002), *Barnhill v. Johnson*, 503 U.S. 393, 396 and 401-402, n.9 (1992). Using the check clearing date would distort the statistics because of delay in depositing the check by the payee or within the banking system."



(2) Adding the following in its place[1]:

"Plaintiff analyzes the pertinent data by comparing the invoice dates to the **check delivery dates** in the respective periods and claims that the difference in the payment cycle between the historical and preference periods sufficient to find extraordinary change. The **Defendant** uses the interval between the due date and the check clearance dates[6]; a method illustrating no significant change between the periods.

---

[6] For purposes of the ordinary course defense, the check clearing date is not the proper reference point - it is the check delivery date. *Rocin Liquidation Estate v. Pan-American Life Insurance Company (In re Rocor International, Inc.)*, 339 B.R. 508, 515 (Bankr. W.D.Ok. 2006), *Official Committee of Unsecured Creditors v. CRST, Inc. (In re CCG 1355, Inc.)*, 276 B.R. 277, 380, n.2 (Bankr. D.N.J. 2002), *Barnhill v. Johnson*, 503 U.S. 393, 396 and 401-402, n.9 (1992). Using the check clearing date would distort the statistics because of delay in depositing the check by the payee or within the banking system."

Dated: October 26, 2006
Wilmington, Delaware

Honorable Raymond T. Lyons
United States Bankruptcy Judge

---

[1] The changes are noted in bold. The footnote is identical except the location within the paragraph is moved to reflect it is Defendant rather than Plaintiff that improperly uses the check clearance dates for purposes of analyzing the ordinary course of business defense.