UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------X
In re:                                                    Chapter 11
                                                          Case No. 00-4667(KG)
Montgomery Ward, LLC, et al.,

          Debtors.
---------------------------------------------------X
MONTGOMERY WARD, LLC, et al.,
                                                          Adversary Proceeding
          Plaintiffs,
     v.                                                   No. 02-9282 (RTL)

OTC INTERNATIONAL, LTD.,

          Defendant.
---------------------------------------------------X

## OPINION ERRATA

This court having entered an Opinion on September 12, 2006 in the above captioned matter and the plaintiff having filed a motion to amend and/or correct erroneous statements of fact contained in the opinion dated September 12, 2006 and said motion having been granted;

The Opinion is amended as follows:

(1) delete the following from pages 24 through 25 and footnote 6 of the original opinion:

Plaintiff analyzes the pertinent data by comparing the invoice dates to check clearance dates[6] in the respective periods and claims that the difference in the payment cycle between the historical and preference periods sufficient to find extraordinary change. The Defendant uses the interval between the due date and the receipt of check; a method illustrating no significant change between the periods.

Footnote 6:

> For purposes of the ordinary course defense the check clearing date is not the proper reference point – it is the check delivery date. *Rocin Liquidation Estate v. Pan-American Life Insurance Company (In re Rocor International, Inc.),* 339 B.R. 508, 515 (Bankr. W.D.Ok. 2006), *Official Committee of Unsecured Crditors v. CRST, Inc. (In re CCG 1355, Inc.),* 276 B.R. 277, 380, n.2 (Bankr. D.N.J. 2002), *Barnhill v. Johnson,* 503 U.S. 393, 396 and 401-402, n.9 (1992). Using the check clearing date would distort the statistics because of delay in depositing the check by the payee or within the banking system.

(2) Adding the following in its place:

Plaintiff analyzes the pertinent data by comparing the invoice dates to check delivery dates in the respective periods and claims that the difference in the payment cycle between the historical and preference periods sufficient to find extraordinary change. The Defendant uses the interval between the due date and the check clearance dates[6]; a method illustrating no significant change between the periods.

Footnote 6:

> For purposes of the ordinary course defense the check clearing date is not the proper reference point – it is the check delivery date. *Rocin Liquidation Estate v. Pan-American Life Insurance Company (In re Rocor International, Inc.),* 339 B.R. 508, 515 (Bankr. W.D.Ok. 2006), *Official Committee of Unsecured Crditors v. CRST, Inc. (In re CCG 1355, Inc.),* 276 B.R. 277, 380, n.2 (Bankr. D.N.J. 2002), *Barnhill v. Johnson,* 503 U.S. 393, 396

and 401-402, n.9 (1992). Using the check clearing date would distort the statistics because of delay in depositing the check by the payee or within the banking system.

Dated: December 1, 2006

Raymond T. Lyons
United States Bankruptcy Judge